(Hamilton County Common Pleas Court)
June Term, 1897.

## IN RE ASSIGNMENT OF THE NORWOOD PARK CO.

An order by the Court of Insolvency confirming a sale is not an appealable order under R. S., 6407.

But where an order for sale is made, and such order defines and determines the amount and terms of the sale and the rights of the parties in the premises, an appeal will lie.

JELKE, J.

This is an appeal from the Court of Insolvency under R. S. 6407, from an order confirming sale made April 27, 1897, and nothing else. If it was appellant's intention to appeal from any other order made in this matter, he has failed to perfect such appeal according to the provisions of the statutes.

The question presented by appellee's motion to dismiss the appeal is, whether or not said order confirming sale is an appealable order under R. S. 6407.

In Brigel v. Starbuck, 34 O. St., 280-288, the Supreme Court, per Okey, J., said : "That an order or decision, to be the subject of appeal, (under this section of the statutes), must be definitive or final in its character. And we believe that it may be stated as a general rule that an order, to be appealable, must affect property rights, and not merely the administration of the trust."

Is an order confirming sale final and definitive in its character?

Appellee's counsel cites Reeves v. Skenet, 13 Ohio St., 574, cited and followed in McRoberts v. Lockwood, 49 Ohio St., 374.

The former was an appeal from the common pleas to the district court in a suit in foreclosure, the latter an appeal from the common pleas to the circuit court in a suit in partition. Neither were under R. St., 6407. Both hold the orders confirming sale not appealable.

Appellant's counsel cites the latter part of the opinion, White, J, in Aultman v. Seiberling, 31 Ohio St.,205 : "The refusal to confirm, or the setting aside a sale, unlike its confirmation, leaves the property undisposed of, to be again offered for sale, and giving all desiring to purchase an equal opportunity to do so. Without, therefore, saying that an appeal may not be taken in the case of a confirmation of sale, we are unanimous in the opinion that, in case of a refusal to confirm, there is no appeal." This was under Rev. St., 6407.

While the supreme court recognizes a distinction between orders setting sales aside and orders confirming, it is only fair to say that it expresses no opinion as to whether the latter are appealable or not.

Two reasons occur to me for this. The first obvious one is that an opinion on this point was not necessary to that case.

The second is that it is not so easy or satisfactory to lay down a general rule in this

regard as to orders confirming sales made in the course of administering upon estates in the probate court and court of insolvency, because the procedure leading up to such sales is not so clearly defined, and is not so uniformly followed.

Again all orders confirming sales are not alike. There are frequently matters of distribution, and especially in these courts, matters of direction and instruction involved in these entries.

Spence v. Basey, 34 Ohio St., 42, was a case where an order confirming sale in foreclosure suit involved other matters, and was held appealable.

I am of opinion that in the court of insolvency, although not in a special proceeding brought for that purpose, but in the usual course of general adminstration, where an order for sale has been had, and such order defines and determines the amount and terms of such sale and the rights of parties in the premises, the subsequent order, if it be an order of confirmation, pure and simple, is not appealable.

It is the first order which is final and definitive and affects the parties and property rights, as laid down by the supreme court in Brigel v. Starbuck, supra. The latter is but a finding that the court's officer has done certain things in obedience to, and in conformity to the court's former order, and a confirmation thereof. Referring to the transcript, I find that the court passed upon this matter, and ordered the bid of Mathers accepted April 9th. I also find that the order of April 27th, is nothing but the confirmation of that which was done by the assignee in pursuance of the court's former order.

The order of April 9th, was appealable; the order of April 27th, was not.

Whether the purchaser (Mathers) has a standing in court to press this motion or not, I find that he has been re-enforced by James B. Wallace, assignee, and one of them certainly has. Appeal dismissed.

Charles B. Wilby for the motion. John F. Follett and F. W. Browne, contra.